**UNITED STATES of America, Appellee**

**v.**

**Floyd CLARK, Appellant.**

No. 11–3079.

United States Court of Appeals, District of Columbia Circuit.

May 16, 2014.

Elizabeth Trosman, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Tony Axam, Jr., Assistant Federal Public Defender, Sandra Gayle Roland, Assistant Federal Public Defender, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Joseph Roll Conte, Law Offices of J.R. Conte, Charles Jay Soschin, Law Office of Charles Soschin, Washington, DC, for Appellant.

Before: ROGERS, GRIFFITH and PILLARD, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This case was considered on the record from the district court and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of conviction be affirmed except as to the sentence on Count 2. It is

**FURTHER ORDERED** and **ADJUDGED** that the sentence on Count 2 be vacated and the case remanded to the district court for resentencing on that count.

On May 6, 2009, appellant Floyd Clark and an unidentified accomplice carjacked, robbed, and kidnapped Michael Walker at gunpoint in Washington, D.C. Clark was arrested the following spring and charged with numerous crimes in connection with the carjacking. A jury convicted him on all counts.

Clark's appeal raises only a single challenge to his convictions. He claims the district court erred in permitting his former girlfriend to testify that, after the carjacking, Clark left Washington, D.C., traveled to Georgia without giving her advance notice, and missed their child's birth. The government offered this evidence of Clark's departure and absence to show that he had fled Washington, D.C., in the wake of the carjacking, which in turn showed Clark's consciousness of guilt. Clark argues that the district court should have excluded this testimony under Federal Rule of Evidence 403 because it strongly suggested he was a deadbeat dad and was not significantly probative of his guilt. *See* FED.R.EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice....").

We review a district court's evidentiary decisions for abuse of discretion. *See United States v. Harris*, 491 F.3d 440, 446–47 (D.C.Cir.2007). "Because the trial court is in the best position to perform the subjective balancing required under Rule 403, its decision not to exclude evidence under that rule should be reviewed only for grave abuse." *United States v. Johnson*, 519 F.3d 478, 483 (D.C.Cir.2008) (brackets and internal quotation marks omitted). There was no grave abuse here. The testimony concerning Clark's absence was probative of Clark's flight and consciousness of guilt. Although the evidence may have cast Clark in a bad light apart from what it permissibly suggested about his guilt, we do not think the danger of that unfair prejudice "substantially outweighed" the probative value of the evidence, especially given that the court later instructed the jury (albeit in the context of different evidence) that they could not convict Clark "simply because you believe he may have done bad things that are not specifically charged as crimes in this case."

Nevertheless, the government concedes, and we agree, that Clark's sentence must be vacated in part. Count 2 charged Clark with using a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). That provision's mandatory minimum sentence of five years is increased to seven years if the defendant "brandished" the firearm during the commission of the offense. *See id.* § 924(c)(1)(A)(i)–(ii). Here, the district court concluded that the question of brandishing did not need to be submitted to the jury but could instead be determined by the court itself at sentencing. In light of *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), which addressed this same issue and statute, it is now clear that the district court's conclusion was incorrect. "Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element [of the offense], which had to be found by the jury beyond a reasonable doubt." *Id.* at 2163. Therefore, we affirm the judgment of conviction except to the extent we vacate the sentence on Count 2 and remand for resentencing on that count.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).